UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE ALEXANDER<br>  Individually and d/b/a Worldwide Detective Agency, Inc. | CIVIL ACTION |
| VERSUS | NO. 12-1524 |
| THE CITY OF NEW ORLEANS,<br>  CANNON COCHRAN MANAGEMENT<br>  SERVICES, INC.,   d/b/a CCMSI, INC.,<br>  MYERS LAW GROUP, ANGELA MYERS,<br>  MARK C. CARVER, JERRY ARMATIS,<br>  CARLOS O. AYESTAS, JR., BRIAN THOMAS,<br>  LAWRENCE W. FERGUSON & ASSOCIATES,<br>  LAWRENCE W. FERGUSON, TRAVELERS INSURANCE<br>  COMPANY, AND XYZ INSURANCE COMPANIES | SECTION "N" (1) |

**ORDER AND REASONS**

The instant action is one of several that Plaintiff Dwayne Alexander or Worldwide Detective Agency, Inc., has brought, against one or more of the defendants, arising from or relating to the 2009 termination of private investigative services previously provided to the City of New Orleans and/or Defendant CCMSI by Alexander.[1] Presently before the Court are several motions by Plaintiff Dwayne Alexander ("Plaintiff") and one or more of the defendants. The Court rules on the motions as stated herein.

---

[1] See Civil Action Numbers 09-4614, 10-1563, 12-1524, 12-1746, 13-6195, 13-6637,14-237, and 14-1087.  It is the Court's understanding that only the instant action remains pending, to date, in federal court.  All of the other matters have either been decided adversely to Plaintiff, voluntarily dismissed, or remanded or state court.

## **LAW AND ANALYSIS**

**I.      Plaintiff's Motion to Remand (Rec. Doc. 22)**

In support of his motion to remand, Plaintiff urges that he has asserted only a state law claim; therefore, the Court lacks federal question subject matter and removal jurisdiction. In response, Defendants Cannon Cochran Management, Services, Inc.,  d/b/a CCMSI, INC. ("CCMSI"), Jerry Armatis, Carlos O. Ayestas, Jr., Bryan Thomas, Travelers Casualty and Surety Company of America ("Travelers"), Myers Law Group, Angela Myers, and Mark C. Carver (the "Removal Defendants") maintain that the Court has federal question removal jurisdiction, pursuant to 28 U.S.C. § 1331 and § 1441(a) and/or (c), because Plaintiff's claims attack and seek to undermine prior judgments issued by this Court.   Removal Defendants additionally argue that the Court has diversity removal jurisdiction, pursuant to 28 U.S.C. § 1332 and § 1441(b), because Plaintiff has improperly joined non-diverse defendants, specifically, the City of New Orleans, Mark Carver, Jerry Armatis, and Carl Ayestas.  The Court agrees with Removal Defendants' latter assertion.[2]

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc).  Further, no properly joined, served defendant may be a "citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Here, there is no dispute that the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.  The sole issue is whether there is complete diversity, *i.e.*, whether the citizenship of each

---

[2]      Older Fifth Circuit jurisprudence reference this type of joinder as "fraudulent joinder."  Now, however, the Fifth Circuit refers to it as "improper joinder." *See, e.g., Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).  Nevertheless, the term "fraudulent joinder" is still sometimes used.  Herein, the Court will use the term "improper joinder" unless quoting material that refers to the concept as "fraudulent joinder."

defendant is diverse from that of each plaintiff. *See, e.g., Vela v. Manning*, 469 Fed. Appx. 319 (5th Cir. 2012) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

A plaintiff may not join a non-diverse defendant in a suit to defeat diversity jurisdiction *unless* the plaintiff has a viable claim against that defendant. When determining whether the plaintiff has a viable claim, however, "the plaintiff's intent that the joinder" of a defendant "should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal," as long as the claim against the party to be joined is "not merely colorable or made in bad faith." 14C C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 629-30 (3d ed. 1998). Thus, "[t]he doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (internal quotation omitted)).

"Improper joinder may be established by either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 68 (5th Cir. 2010) (quoting *Smallwood*, 385 F.3d at 573). Only the second form of improper joinder is at issue here. Hence, the Court considers "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, however, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not

3

merely theoretical." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (emphasis in original) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

In "predicting whether a plaintiff has a reasonable basis of recovery under state law," the "court may resolve the issue in one of two ways": (1) "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant;" or (2) in cases where it appears that the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the Court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. Where the Court finds the latter approach to be warranted, it may "consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell*, 509 F.3d at 669.

The purpose of the summary inquiry, however, is solely "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. Further, the focus is on the propriety of joinder, not a resolution of the merits, and the plaintiffs' motive for joining the in-state defendant is irrelevant. *Id.*[3]

---

[3] As stated in *Smallwood*:

> [A]ny piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

Additionally, "the court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and "must resolve all ambiguities of state law in favor of the non-removing party." *Campbell*, 509 F.3d at 669 (internal quotations omitted).

Here, Removal Defendants have borne their removal burden by establishing that all claims asserted by Plaintiff against the non-diverse defendants have prescribed. Specifically, Plaintiff's claims against the City of New Orleans, Mark Carver, Jerry Armatis, and Carl Ayestas are grounded in Louisiana tort law. The prescriptive period for such claims is one year. See Louisiana Civil Code art. 3492. The alleged conduct on which Plaintiff' claims are based, and Plaintiff's awareness of that conduct, occurred well before one year prior to the date on which this suit commenced in state court – April 25, 2014.[4] As such, because Plaintiff has no reasonable possibility of recovery, under Louisiana law, against the non-diverse defendants, the Court finds them to have been improperly joined. Thus, disregarding their citizenship, this action was properly removed. According, **IT IS ORDERED** that Plaintiff's motion to remand (Rec. Doc. 22) is **DENIED**. **IT IS FURTHER ORDERED** that Defendants City of New Orleans, Mark Carver, Jerry Armatis, and Carl Ayestas are **DISMISSED** from this action.

---

385 F.3d at 574.

[4] This is true even if the Court considers Plaintiff's allegations, in related actions, that he first discovered certain conduct by Carl Ayestas and Jerry Armatis in December 2012. See *Alexander v. Ayestas*, Civil Action No. 13-6195 (E.D. La.) (remanded on August 29, 2014); *Alexander v. Armatis*, Civil Action No. 14-237 (E.D. La.) (remanded on August 29, 2014).

## II.     Plaintiff's Motion to Disqualify (Rec. Doc. 24)

Having carefully reviewed the parties' submissions, the Court finds no basis on which to disqualify Myers Law Group, LLP or attorneys Angela Myers and Mark Carver. Accordingly, **IT IS ORDERED** that the motion is **DENIED**.

## III.    Defendants' Motions to Dismiss (Rec. Docs. 16, 17, 18, 19, and 20)

As stated above, the Court has determined that Plaintiff improperly joined the City of New Orleans, Mark Carver, Jerry Armatis, and Carl Ayestas, and, therefore, dismissed those defendants. For that reason, **IT IS ORDERED** that certain motions to dismiss (Rec. Docs. 16, 20, and 23), to the extent that they pertain to these particular defendants, are **MOOT**.

With respect to the other defendants – CCMSI, Lawrence W. Ferguson, Lawrence W. Ferguson & Associates, Bryan Thomas, Travelers, Myers Law Group, and Angela Myers, Plaintiff has not opposed any of the motions filed by these defendants and opposition memoranda to these motions are long overdue. Furthermore, the motions appear meritorious. Accordingly, **IT IS ORDERED** that Defendants' motions to dismiss (Rec. Docs. 16, 17, 18, 19, and 20) are **GRANTED** relative to Defendants CCMSI, Lawrence W. Ferguson, Lawrence W. Ferguson & Associates, Bryan Thomas, Travelers, Myers Law Group, and Angela Myers.

As stated above with respect to Plaintiff's motion to remand, tort claims asserted against these defendants are based on conduct that allegedly occurred, and of which Plaintiff was aware, far more than one year prior to the date this suit was filed. Thus, such claims are prescribed.[5]

---

[5] Although all of Plaintiff's current claims appear to be based in tort, any contract claims asserted against CCMSI arising out of its 2009 termination of Plaintiff's investigative services were resolved adversely to Plaintiff by summary judgment in Civil Action Number 10-1563, are barred by the doctrine of res judicata, and cannot be re-litigated.

Additionally, with respect to Defendants Lawrence W. Ferguson and Lawrence W. Ferguson & Associates, as well as attorney Angela Myers, and her firm, Myers Law Group, Plaintiff's petition does not set forth facts sufficient to give rise to an actionable defamation or negligence claim for the reasons stated in the memoranda supporting dismissal of these defendants (Rec. Doc. 17-1 and 20-1). The same is true with respect to Defendant Bryan Thomas, whose alleged involvement is limited to actions (or inaction) taken in his role as Chief Executive Officer of CCMSI. See Rec. Doc. 18-1. Further, the Court agrees, for the reasons urged in his opposition memorandum (Rec. Doc. 18-1), that personal jurisdiction is lacking relative to Thomas, who lives and works in Illinois. Finally, Defendant Travelers, the liability insurer for CCMSI and its agents, is correct that liability can not be imposed against it absent an imposition of liability against one of its insureds.

**IV.     Plaintiff's Motion for Rule (Rec. Doc. 32)**

Given the Court's resolution of the other motions pending in this matter, **IT IS ORDERED** that Plaintiff's "Motion for Rule" (Rec. Doc. 32) is **MOOT**.

**V.      Court Order Regarding Other Proceedings**

In addition to the positions stated above, certain defendants also seek additional relief from the Court relative to related further litigation instituted by Plaintiff relating in some way to the investigation services previously provided by him, and/or Worldwide Detective Agency, Inc., to the City of New Orleans and/or CCMSI. See, *e.g.*, Rec. Doc. 20-1, pp. 24-25. Having carefully considered the parties' submissions, as well as the records in the pertinent proceedings previously pending in this Court, **IT IS ORDERED** that:

(1) Dwayne Alexander and Worldwide Detective Agency, Inc. shall not hereafter file, in the United States District Court for the Eastern District of Louisiana, any additional complaint,

motion, or other pleading that arises from or is premised upon: (a) Alexander's and/or Worldwide's private investigative services provided to the City of New Orleans and/or CCMSI, (b) private investigation licensing, (c) and/or any litigation regarding same, without first seeking leave of Court to do so, and certifying, in writing, that the proposed submission is not frivolous, presented for an improper purpose, repetitive or duplicative, has evidentiary support, and does not contain any inappropriate, irrelevant, malicious, harassing and/or insulting comments.  Failure to comply with this order may result in filings being stricken from the record and/or the imposition of significant financial and/or other sanctions, including payment of excess costs, expenses, and any attorney's fees under 28 U.S.C. §1927 and/or Federal Rule of Civil Procedure 11.

(2)  Dwayne Alexander or anyone acting on his behalf, or on behalf of Worldwide Detective Agency, Inc., <u>must</u> give written notice to any court or agency (including parish, city, state and federal courts or agencies) of all prior and pending litigation filed by Dwayne Alexander or Worldwide Detective Agency, Inc. (or anyone acting on his/its behalf) by appending to the petition or complaint a written summary of all past and pending proceedings that directly or indirectly relate to private investigation services, private investigation licensing, or Cannon Cochran Management Services, Inc., its employees or its attorneys.  Failure to comply with this order may result in filings being stricken from the record and/or the imposition of significant financial and/or other sanctions, including payment of excess costs, expenses, and any attorney's fees under 28 U.S.C. §1927 and/or Federal Rule of Civil Procedure 11.

New Orleans, Louisiana, this 12th day of January 2015.

_____
**Kurt D. Engelhardt**
**United States District Judge**